UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,                     Case No.: 6:18-bk-03297-KSJ
                                             Chapter 7

               Debtors.
_____/

BAOYANG CHEN,

      Plaintiff,

vs.                                          Adversary Proceeding No.
                                             No. 6:18-ap-00098-KSJ

TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,

      Defendants.
_____/

## DEFENDANTS' MOTION TO CONSOLIDATE AND
## SUPPORTING MEMORANDUM OF LAW

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on the movant's attorney, Michael A. Nardella, Esq., 250 E. Colonial Drive, Suite 102, Orlando, FL 32801, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Defendants, Terry Hong-Yin Chan and Jacquelyn Angiulli Chan (collectively, the "Defendants" or "Debtors"), by and through their undersigned counsel, and pursuant to this Court's inherent authority and Fed. R. Civ. P. 42, as made applicable pursuant to Fed. R. Bankr. P. 7042, respectfully request the Court consolidate all claims in cases 6:18-ap-00098-KSJ and 6:18-ap-00099-KSJ into case 6:18-ap-00097-KSJ and, for the reasons set forth below, respectfully submits as follows:

## INTRODUCTION

1.      For the three cases, each case involves the plaintiffs' investments in a business created for the purpose of providing the plaintiffs an opportunity to establish residency in the United Sates pursuant to the EB-5 immigration program.  Simply put, the EB-5 immigration program involves foreign nationals investing in a business created here in the United States and, if that business is successful and creates new domestic job opportunities, the foreign investors would become eligible for permanent resident status in the United States.  In each of the cases to be consolidated, Debtors helped create such investment opportunities for the plaintiffs (the "EB-5 Immigration Program").

2.      While each of the cases involve a different profile of entities and investors, the EB-5 Immigration Programs are procedurally identical.  The plaintiffs allege in each case that their respective EB-5 Immigration Programs were unsuccessful due to the acts of the Debtors.  The plaintiffs allege further than the EB-5 Immigration Programs were never intended to succeed but rather were fraudulent artifices utilized by the Debtors to intentionally misappropriate the plaintiffs' investments.

3.      The Debtors vigorously dispute the allegations of the plaintiffs' complaints and unequivocally deny that they intended any harm come to the plaintiffs.  It is not contested,

however, that the EB-5 Immigration Programs were unsuccessful and that the plaintiffs did not obtain permanent resident status in the United States.

4.     Each of the adversary proceedings sought to be consolidated in this Motion turn on whether or not the Debtors intentionally harmed the plaintiffs such that the alleged debt to the plaintiffs, if any, should not be discharged.  Importantly, the law to be applied in each case is identical.

5.     Furthermore, because of the nature of the law to be applied is identical as to the Debtors, the numerous available defenses to be asserted by the Debtors are also identical as to each of the plaintiffs' adversary complaints and which will be proved by substantially identical evidence in the form of testimony from identical witnesses and documents.

6.     Consolidation of these proceedings will eliminate redundancy in the taking of testimony, depositions, and the production of documents which will substantially reduce the expense incurred thereby which, if left unconsolidated, risks severely prejudicing the Debtors' ability to defend these claims due to their patently disadvantaged financial situation.  This simplification of the proceedings will also provide a substantial benefit to the overall judicial economy of these proceedings.

## MEMORANDUM OF LAW

In actions pending before a court where there is a "common question of law or fact" the court may consolidate those actions.  *See Fed. R. Civ. P. 42(a)*.  Fed. R. Civ. P. 42(a) is made applicable in this proceeding pursuant to Fed. R. Bankr. 7042.  Fed. R. Civ. P. 42 is simply the codification of the Court's inherent managerial power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).  The purpose of consolidation

is promote convenience and economy in the administration of cases. *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496 (1933). This does not merge the cases or cause any plaintiff from one proceeding to become a party in any other proceedings. *Id.* at 497.

Here the Debtors defense of these lawsuits will largely turn on the testimony of the same witnesses and, of course, the innocent intent of the Debtors during the relevant time periods with respect to the EB-5 Immigration Programs. The causes of action in all cases are under 11 U.S.C. §§ 523 (a)(2), (4), & (6). These statutory provisions present the critical legal questions, each of which require the plaintiffs to demonstrate that the Debtors intended to defraud or harm them. The "Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud." *Chiaro v. Rathel (In re Rathel)*, 514 B.R. 694, 700 (Bankr. M.D. Fla. 2014). This will require plaintiffs to demonstrate as to each of their respective claims that the Debtors "made a false representation with the purpose and <u>intention of deceiving the plaintiff</u>." *Id.* (emphasis added). This intentional language emphasized in the prior quotation is also present, *verbatim*, in 11 U.S.C. § 523 (a)(2)(B). Similarly, 11 U.S.C. § 523 (a)(4) requires that the defendant be found to have acted intentionally. *See, e.g., Fla. Lawyers Mut. Adv. Ins. Co. v. W. (In re W.)*, 530 B.R. 809, 812 (Bankr. M.D. Fla. 2015). Finally, 11. U.S.C. § 523(a)(6) requires proof of intent to harm. *Hanson v. Brown (In re Brown)*, 541 B.R. 906, 912 (Bankr. M.D. Fla. 2015) (holding that 'willful' under this section of the code means that the defendant acted with the intent to harm and which such intent must be proved by the preponderance of the evidence).

In each of these subsections, plaintiffs will be required to show that the Debtors intended to harm the plaintiffs via their involvement in the EB-5 Immigration Programs, all occurring at similar times and all of which were substantially identical in their structure and presentation. Accordingly, Debtors' appropriate and valid defense that they never intended to harm any plaintiff

through the EB-5 Immigration Programs is identical.  All of plaintiffs' claims in these adversary proceedings fundamentally turn on the contents and character of the Debtors' minds with respect to their intentions in substantially identical EB-5 Immigration Programs.

There are numerous witnesses whose testimony will be essential in each of the cases.  Many of these witnesses are Chinese nationals and procuring their various depositions and other testimony from abroad will be difficult and potentially impossible to do once, let-alone three separate times.  If these matters are not consolidated difficult to obtain evidence (such as witness testimony from foreign nationals) may not be available to the same extent in each proceeding.  Thus, the Court risks reaching incompatible conclusions on the character of the Debtors' minds but as to the same subject matter due to significantly different record evidence.

The Courts regularly consolidate proceedings that turn on different facts when the law to be applied is the same.  *See*, *e.g.*, *AT&T Universal Card Servs. Corp. v. Reynolds (In re Reynolds)*, 221 B.R. 828, 837 (Bankr. N.D. Ala. 1998) (consolidating two proceedings brought under 11 U.S.C. 523(a)(2)(A) where the parties and general facts were different but the causes of action were thematically similar and required the same analysis of the statute).

Similar to the case in *Reynolds*, the instant case involves numerous causes of action arising out of EB-5 Immigration Programs that are thematically identical each of which will require the Court to perform a similar, if not identical, analysis of 11 U.S.C. §§ 523 (a)(2), (4), & (6).  Furthermore if these three proceedings are not consolidated an unavoidable duplication of discovery will work a massive prejudice on the Debtors who do not have the resources to litigate these matters three times.

This Court has inherent authority to "avoid unnecessary costs and delay." *Feltman v. Warmus (In re Am. Way Serv. Corp.)*, 229 B.R. 496, 537 (Bankr. S.D. Fla. 1999) (citing Fed R.

Bankr. P. 1001, 7042; Fed. R. Bankr. P. 42(a)); *Feldman v. Hanley*, 49 F.R.D. 48, 50 (S.D.N.Y. 1969) (citing *Fields v. Wolfson, et al.*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967) (noting that the purpose of consolidation is to avoid "needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself"). "[J]udicial economy favors consolidation." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1312 (M.D. Fla. 2000).

WHEREFORE, Defendant respectfully requests this Court enter an Order consolidating cases 6:18-ap-00098-KSJ and 6:18-ap-00099-KSJ into case 6:18-ap-00097-KSJ, and for other such relief as the Court deems just and proper.

DATE: October 31, 2018

Respectfully submitted,

/s/ *John J. Bennett*
Michael A. Nardella, Esq.
Florida Bar No. 51265
John J. Bennett, Esq.
Florida Bar No. 98257
NADELLA & NARDELLA, PLLC
250 E. Colonial Drive, Suite 102
Orlando, FL  32801
(407) 966-2676
mnardella@nardellalaw.com
jbennett@nardellalaw.com
service@nardellalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2018 the foregoing was sent via electronic means to all parties participating in CM/ECF.

/s/ *John J. Bennett*
John J. Bennett, Esq.