UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,                    Case No.: 6:18-bk-03297-KSJ
                                            Chapter 7

            Debtors.
_____/

BAOYANG CHEN,

      Plaintiff,

vs.                                         Adversary Proceeding No.
                                            No. 6:18-ap-00098-KSJ

TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,

      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AND**
**<u>SUPPORTING MEMORANDUM OF LAW</u>**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on the movant's attorney, Michael A. Nardella, Esq., 250 E. Colonial Drive, Suite 102, Orlando, FL 32801, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Defendants, Terry Hong-Yin Chan and Jacquelyn Angiulli Chan (collectively, the "Defendants" or "Debtors"), by and through their undersigned counsel, and pursuant Fed. R. Civ. P. 8, Fed. R. Civ. P. 9, Fed. R. Civ. P. 10, as made applicable pursuant to Fed. R. Bankr. P. 7008, 7009, & 7010 respectively, and respectfully request the Court dismiss Plaintiff's Complaint for the reasons set forth below:

## INTRODUCTION

1.      On or about September 7, 2018, Plaintiff Baoyang Chen, filed his Complaint to Determine Dischargeability (Doc. 1) (the "Complaint").

2.      The Complaint states that "[p]ending as of the Petition Date was an action filed in the U.S. District Court for the Southern District of Ohio involving Plaintiff and the Chans styled *Chan[sic] v. GSC Opportunities, L.P., et al.*, Case No. 1:17-cv-460" (the "Ohio Action") alleging "The Chans orchestrated a criminal and fraudulent scheme designed to defraud Plaintiff…." And asserting ten distinct causes of action attempting to prove these allegations.  Importantly, the Ohio Action separates the allegations against numerous separate defendants and each count therein identifies which defendant such count is brought, unlike the Complaint here.

3.      The Complaint does not set forth any distinct causes of action or numbered counts but rather describes an alleged fraudulent scheme attributable to "The Chans."  Importantly, the "The Chans" in the Complaint is defined to generally included Jacquelyn Chan and Terry Chan. The Complaint, however, fails to allege any specific act on the part of Jacquelyn Chan and moreover fails to allege any specific acts on the part of Terry Chan sufficient to support any claim of fraud.  Rather, Plaintiff has lumped the Defendants together and have thus failed to plead with the requisite specificity demanded by Rule 9(b), as made applicable pursuant to Fed. R. Bankr. P. Rule 7009.

4.      Furthermore, The Complaint fails because it is an improper shotgun pleading which does meet the minimum clear and concise standard of Rule 8, as made applicable pursuant to Fed. R. Bankr. P. Rule 7008, or the organizational requirements of Rule 10, as made applicable pursuant to Fed. R. Bankr. P. Rule 7010.

5.      As written, the Complaint does not plead Plaintiff's case with the minimum clarity and precision necessary to enable the Defendants to discern what Plaintiff is claiming, if anything, as to either Defendant. Accordingly, the Complaint should be dismissed.

## MEMORANDUM OF LAW

I.      **THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH THE HEIGHTENDED PLEADING STANDARD UNDER RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**.

As discussed in more detail below, the Complaint does not set out its claims as distinct counts, but rather the bases for relief alleged are lumped together.  Nonetheless, the Complaint cites to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § (a)(2)(B); 11 U.S.C. § 523(a)(4); and 11 U.S.C. § 523(a)(6), as the bases for non-dischargeability.  Sections 523(a)(2)(A), (a)(2)(B); 523(a)(4), by their plain language, sound in fraud and therefore requires Plaintiff to meet the heightened pleading requirements under Fed. R. Civ. P 9(b).

While Rule 8(a) usually requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff asserting fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  In order to satisfy Rule 9(b) "the complaint must allege 'facts as to time, place, and substance of the defendant's alleged fraud,' [and] 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.' " *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307 n.11 (11th Cir. 2002))

The heightened pleading requirements of Rule 9(b) are plainly applicable to claims made pursuant to §§ 523(a)(2) and 523(a)(4) alleging the perpetration of a fraud. *See, e.g.*, *Eden v. Eden (In re Eden)*, 584 B.R. 795, 803-04 (Bankr. N.D. Ga. 2018) and *Metro. Steel, Inc. v. Halversen (In re Halversen)*, 330 B.R. 291, 301 (Bankr. M.D. Fla. 2005), respectively.   "In the Eleventh Circuit, Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*In re Eden*, at *804* (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)).

The requirements of Rule 9(b) were concisely described by the Honorable Judge Williamson in *Roberts v. Balasco (In re Ernie Haire Ford, Inc.)* who wrote:

> The particularity requirement can be satisfied by setting forth <u>the who, what, when, where, and how</u> of the misconduct constituting the fraud….each allegation must be <u>simple, concise, and direct</u>…Plaintiff must plead facts as to <u>time, place, and substance of each named defendant's alleged fraud</u>, including the specific details of <u>each defendant's</u> allegedly fraudulent acts, when they occurred, and who engaged in them.

*Roberts v. Balasco (In re Ernie Haire Ford, Inc.)*, 459 B.R. 824, 836 (Bankr. M.D. Fla. 2011) (internal citations removed) (emphasis added).

Here, the Complaint is devoid of sufficient specificity.  Indeed, there is only the sparse allegation that Jacquelyn Chan specifically received payment of money. (Doc. 1, ¶66-67, 115). There are simply no other allegations of any specific conduct on the part of Jacquelyn Chan and the passive receipt of money, without more, is inadequate to plead a fraud.  Furthermore, with respect to Terry Chan, there is similarly only the sparse allegation that he transferred some money to himself.  (Doc 1., ¶¶65-67, 115).  Even if assumed to be true, this too is inadequate to plead a

fraud on the part of Terry Chan. These sparse allegations attributable to Terry Chan are simply insufficient.

Otherwise throughout the Complaint, the Plaintiffs merely cite to action by "The Chans" or as action by the disjunctive phrase "one or both" but without any specificity. (*See*, *e.g.*, Doc. 1, ¶¶ 16, 17, 20, 22) 45). It is simply impossible to know who, if anyone, did anything, or when, and therefore impossible for Defendants to properly defend against these allegations. The Complaint plainly fails to allege who, when, what, or how any specific Defendant did anything and it should therefore be dismissed.

Finally, even if 11 U.S.C. § 523(a)(6) had been pled as a basis for relief separately from the other statutory bases for non-dischargeability it would fail even though it may not have required the heightened pleading requirements of Rule 9(b). This distinction in the pleading requirements is immaterial under the circumstances because the Complaint fails to allege that the conduct allegedly committed by "The Chans" was done with actual intent to harm the Plaintiff, as is required under § 523(2)(a)(6). *See*, e.g., *Conseco v. Howard (In re Howard)*, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001) ("the word 'willful' in (a)(6) modifies the word 'injury,' [such that] nondischargeability required a deliberate act taken with the intention to cause an injury, not merely a deliberate act taken that ultimately but unintentionally leads to injury.") (citing *In re Tomlinson*, 220 B.R. 134, 137 (Bankr.M.D.Fla.1998). Here, Plaintiff has merely recited the language from the statute in Paragraphs 116-117 of the Complaint, but a mere formulaic recitation of the law is insufficient to meet the minimum pleading standard. *Al-Rayes v. Willingham (In re Willingham)*, Adv. No.: 3:11-ap-269-JAF, September 28, 2011, (Bankr.M.D.Fla 2011) (citing *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009)).

II.    **THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH THE MINIMUM PLEADING REQUIREMENTS UNDER RULE 8 AND 10 OF THE FEDERAL RULES OF CIVIL PROCEDURE**.

A critical problem with Plaintiff's Complaint relevant to this section was aptly described

in *Roberts v. Balasco (In re Ernie Haire Ford, Inc.)*:

> The shortcoming of the Complaint from a Rule 8 perspective is that each defendant's liability is not plausibly demonstrated. There are no factual allegations concerning many of the defendants that would tend to show their involvement and participation in the alleged [] schemes. Rather, the defendants are lumped together into classes and are then alleged, collectively, to have engaged in fraudulent conduct. Such a manner of pleading does not comport with Iqbal's requirement that there be facial plausibility of the defendants' liability.

459 B.R. 824, 835 (Bankr. M.D. Fla. 2011).

This describes Plaintiff's complaint to a 'T.'  Furthermore, a properly drawn complaint "will present each claim for relief in a separate count as required by Rule 10(b) and with such clarity and precision that the defendant will be able to…frame a responsive pleading." *Mirabilis Ventures, Inc. v. Buchanan, Ingersoll & Rooney, P.L.(In re Mirabilis Ventures, Inc.)*, Nos. 6:08-bk-04327-KSJ, 6:08-ap-227, 2009 Bankr. LEXIS 2272, at *6 (Bankr. M.D. Fla. Aug. 12, 2009) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). While the Ohio Action contained ten distinct counts which are yet to be proved and which purportedly form the basis of the Plaintiff's alleged debt, the Complaint does not contain any counts establishing debts or any counts establishing a basis for the non-dischargeability of those unproved debts.

Indeed, "failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading is a shotgun pleading which places an unfair burden on defendants." *Id.* at *5 (citing *Byrne v. Nezhat*, 261 F. 3d 1075, 1129-30 (11th Cir. 2001)) (internal quotations removed). It is often said that wanton, indiscriminate reincorporation of factual allegations into each

successive count is an improper shotgun pleading. *See, e.g., Scharrer v. Troutman Sanders, LLP (In re Fundamental Long Term Care, Inc.)*, 542 B.R. 299, 304 (Bankr. M.D. Fla. 2015) (dismissing complaint for containing excessive surplusage which also incorporated 162 introductory allegations into each successive count); *Taylor v. Spaziano*, 251 F. App'x 616, 620 (11th Cir. 2007) (affirming the dismissal of a complaint that "contained…43 separate paragraphs of factual allegations, with each count incorporated by reference all 43 paragraphs, and did not differentiate which facts formed the basis for liability for each count.").

Here, the Complaint contains <u>no counts</u> and as such all facts are intermingled along with each alleged basis for relief and are thus confused such to make it impossible to determine what facts relate to what basis for relief.  Accordingly, it is impossible for the Defendants to properly frame a responsive pleading.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint and for other such relief as the Court deems just and proper.

DATE: November 15, 2018

Respectfully submitted,

/s/ *John J. Bennett*
Michael A. Nardella, Esq.
Florida Bar No. 51265
John J. Bennett, Esq.
Florida Bar No. 98257
NARDELLA & NARDELLA, PLLC
250 E. Colonial Drive, Suite 102
Orlando, FL  32801
(407) 966-2676
mnardella@nardellalaw.com
jbennett@nardellalaw.com
service@nardellalaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2018 the foregoing was sent via electronic means to all parties participating in CM/ECF, including counsel for Plaintiff.

/s/ *John J. Bennett*
John J. Bennett, Esq.