**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| TERRY HONG-YIN CHAN and JACQUELYN ANGIULLI CHAN, | Case No. 6:18-bk-03297 |
| | Judge Karen S. Jennemann |
| Debtor. | |

| | |
|---|---|
| BAOYANG CHEN, | |
| Plaintiff, | Adv. Pro. No. 6:18-ap-00098-KSJ |
| v. | |
| TERRY HONG-YIN CHAN and JACQUELYN ANGIULLI CHAN | |
| Defendants. | |

**PLAINTIFF BAOYANG CHEN'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff Baoyang Chen ("Plaintiff"), opposes the Motion of Defendants Terry Hong-Yin Chan and Jacquelyn Angiulli Chan (collectively, "Defendants") requesting that this Court dismiss Plaintiff's Complaint. Defendants' Motion to Dismiss ("Motion") does not correctly state applicable law, advances meritless arguments, and requests relief that cannot be provided by this Court. Plaintiff accordingly respectfully requests that this Court deny Defendants' Motion so Defendants can be held accountable for their fraudulent conduct.

**FACTUAL BACKGROUND**

On September 7, 2018, Plaintiff filed his Complaint against Defendants seeking to determine the dischargeablity of debt pursuant to 11 U.S.C. § 523. (Doc. 1). The Complaint detailed that Defendants were instrumental in creating and operating a fraudulent scheme designed to steal Plaintiff's investment in GSC Opportunities, L.P. ("GSC"), explained how this scheme

worked, and highlighted how each Defendant contributed to the operation and execution of this scheme. Plaintiff, for example, alleged that one or both of Defendants created, directed, and/or otherwise approved a GSC promotional booklet, business plan, and partnership agreement which contained a litany of false and material representations, and that one or both of Defendants caused these materials to be provided to Plaintiff. (*See id.* at 5-10.) Plaintiff also alleged that Defendants violated fiduciary duties and laundered all of Plaintiff's investment in GSC between August 10, 2016 and December 2016 using a number of entities they controlled. (*Id.* at 11-12.) The Complaint overall establishes through detailed factual allegations that Defendants' debt to Plaintiff should not be discharged pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6). (*Id.* at 18-21.)

These detailed factual allegations were supplemented through a number of documents attached to the Complaint supporting Plaintiff's allegations and demonstrating that Defendants were integrally involved in GSC. (*See, e.g., id.* at Ex. B, p. 38, 40) (explaining that Terry Chan was a member of GSC's EB-5 Management Team and that Jacquelyn Chan was a member of GSC's Operational Management Team). The Complaint also attached a letter sent by Terry Chan's lawyer to Plaintiff on April 13, 2016, which explained:

> Terry Chan is the husband of [Jacquelyn] Chan, the sole owner of Clearwater Hospitality Group, LLC, which controls [GSC][1] through its ownership of Lumen Point Capital Fund, LLC and RG MGMT, LLC, the general partner of [GSC]. Gary Chan is Terry Chan's brother and brother-in-law of [Jacquelyn] Chan. [Terry Chan and Gary Chan] are actively involved in the management and operations of [GSC] and its subsidiaries.

(Id. Ex. G at 4). As is detailed in Plaintiff's Complaint, Clearwater Hospitality Group, LLC, Lumen Point Capital Fund I, LLC, and RG MGMT, LLC were instrumental in Defendants' fraudulent scheme, and controlled a number of bank accounts Plaintiff's funds were laundered

---

[1] The term "Partnership" was identified in this letter as "GSC Opportunities, L.P." (*See* Compl. Ex. G at 1.)

through.  (*See* Compl. at 12-13.)  These materials accordingly further support the detailed factual

allegations pled in the Complaint.

The allegations contained in the Complaint are further supplemented by the fact that

Plaintiff and Defendants are already embroiled in another lawsuit in the U.S. District Court for the

Southern District of Ohio (the "Ohio Action"), which relates to the fraudulent scheme detailed in

the Complaint.  (*Id.* at 2.)  In the Ohio Action, styled *Chan v. GSC Opportunities, L.P., et al.*, case

no. 1:17-cv-460, Plaintiff alleges that the Chans:

> [O]rchestrated a criminal and fraudulent scheme designed to defraud
> Plaintiff and other investors.  Plaintiff alleges that the Chans violated
> the Racketeer Influenced and Corrupt Organizations Act along with
> federal and Ohio securities laws, committed fraud, breached
> fiduciary and contractual duties, and converted Plaintiff's funds.

(*Id.*).  Plaintiff obtained a temporary restraining order ("TRO") in the Ohio Action, and the U.S.

District Court for the Southern District of Ohio has already concluded that Plaintiff has

"demonstrated a strong likelihood of success on the merits of his claims," including Plaintiff's

fraud, breach of fiduciary duty, and conspiracy claims brought in the Ohio action.  (*Id.* at 18.)

On November 16, 2018, Defendants filed the Motion seeking to dismiss Plaintiff's

Complaint on two grounds.  (Defs'. Am. Mot. to Dismiss, Doc. 13.)  Defendants first contend that

Plaintiff has failed to plead fraud with the particularity required under Fed. R. Civ. P. 9(b), as

made applicable to this proceeding through Fed. R. Bankr. P. 7009, because Plaintiff's Complaint

uses the defined term "the Chans" when referring to Defendants.  (*See id.* at 2.)  Defendants

incorrectly contend that, through the use of this term, Plaintiff has not alleged that either Defendant

engaged in any specific conduct.  (*See id.* at 2-3.)  Defendants also argue that the Complaint is an

improper shotgun pleading which does not meet the standards of Fed. R. Civ. P. 8 and 10, as made

applicable to this proceeding through Fed. R. Bank. P. 7008 and 7010, because it does not advance

a number of "counts."  (*Id.* at 3.)  As is detailed below, however, both of Defendants' arguments

3

are meritless, and this Court should deny Defendants' Motion.

## ARGUMENT

I.       <u>Plaintiff's Detailed Complaint has Pled Fraud with Particularity and Defendants' Baseless
Objection to the Use of Defined Terms Should be Rejected.</u>

The general rules of pleading in adversary proceedings are found in Fed. R. Bankr. P. 7008,

which adopts the "short and plan statement" standard of Fed. R. Civ. P. 8.  When a plaintiff alleges

that a defendant committed fraud, however, this pleading standard changes and plaintiff must plead

fraud with particularity.  Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.  Accordingly, when fraud is

alleged, a party must set forth: (1) what allegedly fraudulent statements or omissions were made,

(2) the time and place of each such statement or omissions, and the person responsible for making

or not making them, (3) the content of such statements or omissions and the manner in which they

mislead the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.  *See*

*United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *see also*

*United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1225 (11th Cir.

2012).  This means Plaintiff must allege "the who, what, when, where, and how" of the alleged

fraud.  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Plaintiff's Complaint satisfies each of these particularity requirements.  For example, the

Complaint alleges that one or both of the Defendants created, directed, and/or otherwise approved

the content of a promotional booklet, partnership agreement, and business plan.  (Compl. at 3-8.)

Plaintiff also alleges that one or both of the Defendants provided, or caused Plaintiff to be provided

with, these materials on or before 2013.  (*Id.*)   The Complaint points to a number of specific

representations made in each document and explains how each of these representations was false.

(*Id.* at 3-10.)  Plaintiff further alleges that these misrepresentations caused him to invest in GSC

and/or to remain invested in GSC, and that Defendants caused Plaintiff harm by embezzling funds

Plaintiff invested in GSC.  (*Id.* at 3-14.)  Each particularity requirement is accordingly satisfied as

Plaintiff has pled the who, what, when, where, and how of Defendants' fraudulent conduct.

Furthermore, the Complaint details that Defendants engaged in fraudulent conduct after Plaintiff invested in GSC, and again supports these allegations with particularized pleadings detailing the "who, what, when, where, and how" of each statement or omission.  For example, the Complaint alleges that Terry Chan and Mason Hill, LLC, an entity controlled by Defendants, received a "Notice of Termination of Partnership EB5" from Gold Star Chili, Inc. on August 31, 2015.  (*Id.* at 10.)  The Complaint further alleges that Defendants did not provide this notice to Plaintiff despite the fact that it contained material information related to his investment and triggered the Liquidation Provision of GSC's Partnership Agreement. (*Id.* at 10-11.)  Plaintiff alleges that this omission violated fiduciary duties Defendants owed to Plaintiff under the Partnership Agreement.  (*Id.*)   Finally, Plaintiff alleges that Defendants committed this fraud so they could steal all of Plaintiff's investment in GSC.  (*Id.* at 11-14.)

Plaintiff's Complaint similarly details that Terry Chan caused his lawyer to send a letter to Plaintiff on April 13, 2016 that contained material misrepresentations about GSC.  (*Id.* at 14-15.) This letter, sent eight months after Terry Chan knew that Gold Star was going to withdraw from GSC, explained that Gold Star had decided to no longer participate in GSC, and that Gold Star did not provide "any sites" for restaurant development.  (*Id.* at 15.)  This statement was a lie, however, because Gold Star had already opened restaurants for GSC.  (*Id.* at 10) (explaining that Gold Star did not have financing needed to "open and operate *additional* restaurants") (emphasis added). The Complaint also demonstrates that Defendants lied about Plaintiff's deadline to withdraw from GSC and began embezzling funds before this "deadline" expired.  (*Id.* at 17.)    These few examples illustrate again demonstrate that Plaintiff has plead the "who, what, when, where, and how" necessary to state fraud with particularity under Rule 9.

Defendants' Motion, recognizing that particularity requirements are met here, does not

substantively challenge the underlying adequacy of Plaintiff's fraud pleadings.    Instead, Defendants' argue that Rule 9 is not met because Plaintiff consolidated Defendants under a defined term ("the Chans") in the Complaint, and the use of this term makes it "impossible" for Defendants to know "who, if anyone, did anything." (Mot. at 2.)  This argument, however, is both nonsensical and borderline frivolous.  When the Complaint uses the defined term "the Chans," it is referring to both Defendants jointly and therefore alleges that both Defendants engaged in the alleged conduct. (*See* Compl. at 1.)  When the Complaint alleges "one or both of the Chans" engaged in conduct, it alleges that either one of the Defendants, or both, engaged in that conduct, thereby putting both Defendants on notice that those allegations pertain to them.  (*See id.* at 3.)  When the Complaint specifically names only Terry Chan or Jacquelyn Chan, it alleges that only Terry Chan or Jacquelyn Chan engaged in the alleged conduct.  (*See id.* at 14-15) (alleging that Terry Chan corresponded with Plaintiff via email.)  Plaintiff's Complaint accordingly puts each Defendant on notice about the specific allegations asserted against them, and specifically advises each Defendant when an allegation *is not* asserted against them.  This satisfies Rule 9 pleading standards.

Defendants' tenuous position is further undermined by the fact that they have used defined terms, including the term "the Chans," to jointly refer to themselves in the past.  For example, Terry Chan caused his attorney to send a letter to Plaintiff on April 13, 2016.  (*Id.* at 14, Ex. G.)  In this letter, Terry Chan's lawyer referred to Terry and his brother, Gary Chan, as "the Chans."  (*Id.* Ex. G at 4.)  Further, Defendants' **own Motion** uses defined terms, and even consolidates Terry Chan and Jacquelyn Chan together using the defined terms of  "Defendants" or "Debtors."  (Mot. at 2.)   Defendants accordingly understand how defined terms work, and their disingenuous argument to the contrary should be rejected.

Finally, even if Plaintiff's fraud claims are not stated with particularity, Plaintiff's Complaint still survives because Plaintiff's contention that Defendants' debt should not be

discharged pursuant to 11 U.S.C. § 523(a)(6) does not require Plaintiff to show that Defendants engaged in fraud.  Instead, Plaintiff must prove by a preponderance of the evidence that a debtor: (1) deliberately and intentionally; (2) injured plaintiff or the plaintiff's property; (3) by a willful and malicious act.  *Conseco v. Howard (In re Howard)*, 261 B.R. 513, 519-20 (Bankr. M.D. Fla. 2001).  A willful act occurs when a debtor commits an intentional act for the purpose of causing injury or which is substantial certain to cause injury.  *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1165 (11th Cir. 1995).  A malicious act is one which is "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill-will."  *Id.* at 1163-64.

Defendants contend that Plaintiff's Complaint fails to allege that the Defendants committed actions with an actual intent to harm Plaintiff.  (Mot. at 5.)  Plaintiff, however, does allege that Defendants "repeatedly, intentionally, and maliciously injured" Plaintiff by failing to "care for Plaintiff's funds, embezzling from Plaintiff and GSC, committing fraud, and otherwise operating a fraudulent scheme designed to plunder GSC's and Plaintiff's funds."  (Compl. at 21.)  This allegation is supplemented by numerous additional allegations in the Complaint, including multiple allegations related to Defendants' theft and conversion of Plaintiff's funds.  (*Id.* at 11-14.)  These allegations must be accepted as true when reviewing a motion to dismiss.  *See, e.g., Smith v. Sumilton*, 578 Fed. App'x 933, 936 (11th Cir. 2014).

Overall, Plaintiff's Complaint alleges that Defendants committed fraud to entice Plaintiff into investing in GSC; committed fraud to keep Plaintiff invested in GSC; lied to Plaintiff about how his funds would be used after Gold Star Chili, Inc. withdrew from GSC; withdrew Plaintiff's funds from an escrow account without Plaintiff's consent and before the "deadline" for Plaintiff to withdraw from GSC had passed; laundered Plaintiff's funds through bank accounts belonging to multiple entities they owned (including Clearwater, an entity Jacquelyn Chan solely owned) to conceal their source; diverted a substantial portion of Plaintiff's funds directly to themselves; and,

otherwise used Plaintiff's funds to benefit themselves and entities they controlled. Defendants'

contention that Plaintiff's Complaint, which alleges that *Defendants operated a fraudulent scheme,*

*stole Plaintiff's property, and laundered this property through multiple bank accounts to enrich*

*themselves*, fails to allege that Defendants acted with the actual intent to harm Plaintiff is simply

baseless. At the very least, Plaintiff's Complaint allows this Court to draw a reasonable inference

that Defendants deprived Plaintiff of his property and that Defendants knew that their actions

would cause injury, which is sufficient to state a claim under 11 U.S.C. § 523(a)(6). *Venus v.*

*Esfahani (In re Esfahani)*, No. 3:09-bk-10598-PMG, 2010 Bankr. LEXIS 3378, *13 (Bankr. M.D.

Fla. Sep. 22, 2010); *Gen. Ret. Sys. v. Farr (In re Farr)*, No. 14-73606-WLH, 2018 Bankr. LEXIS

894, *13-19 (Bankr. N.D. Ga. Mar. 26, 2018) (holding debts nondischargable under 11 U.S.C. §

523(a)(6) when defendant converted partnership funds, used these funds for personal purposes, and

funneled funds through businesses he controlled). Defendants' Motion should accordingly be

denied.

II.    <u>Plaintiff's Complaint Does not Need to Allege Multiple Counts and, Even if it Did,</u>
       <u>Defendants' Motion Should Be Denied Because Dismissal is Not Proper at this Stage.</u>

Defendants' second argument, that Plaintiff's Complaint fails to comply with Rule 8 and

Rule 10 pleading requirements, is similarly meritless. In their Motion, Defendants contend that

Plaintiff's Complaint should be dismissed because Plaintiff has failed to assert any "counts,"

which allegedly makes it impossible "to determine what facts [pled in the Complaint] relate to

what basis for relief." (Mot. at 6-7.) Defendants' Motion should be denied, however, because it

misstates applicable law and because Defendants' argument is baseless.

First, Defendants' Motion should be denied out of hand because it is procedurally

improper. The U.S. Court of Appeals for the Eleventh Circuit has explained that, where a

defendant alleges that a plaintiff's complaint does not comply with Fed. R. Civ. P. 10(b), "the

defendant is expected to move the court, pursuant to Rule 12(e), to require plaintiff to file a more

definite statement." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *see also* Fed. R. Civ. P. 12(e); Fed. R. Bankr. P. 7012. Defendants have not done so here, but have instead moved to dismiss the Complaint, which is inappropriate. Furthermore, this Court could not grant Defendants' request to dismiss this case because district courts are required to give litigants at least one chance to remedy deficient pleadings. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). This Court accordingly cannot dismiss Plaintiff's Complaint under Fed. R. Civ. P. 10(b), and Defendants' Motion should therefore be denied.

Second, Defendants have misstated the requirements of Fed. R. Civ. P. 10, made applicable to this proceeding through Fed. R. Bankr. P. 7010, because this Rule does not require that a Complaint always assert multiple "counts." Instead, this rule states that "**[i]f doing so would promote clarity**, each claim founded on a separate transaction or occurrence[2]—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b) (emphasis added). Importantly, Rule 10(b) does *not* state that pleadings related to one transaction or occurrence which allegedly violate multiple statutory provisions must state multiple counts. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1325 n. 18 (11th Cir. 2015) (holding that Complaint did not violate Rule 10(b) when it did not contain a separate count for each alleged constitutional violation). This is because clarity is the focus of Rule 10, and "[m]ultiplicity does not always equate with clarity." *Id.* Multiple counts are therefore only required when it is "virtually impossible" to know which allegations support which claims for relief. *Id.* at 1325.

Plaintiff's Complaint satisfies Rule 10(b) because it alleges one claim for relief based on one transaction or occurrence. While the Complaint does argue that Defendants' debts are

---

[2] All logically related events entitling a person to institute a legal action against another are generally regarded as

dischargeable pursuant to a number of statutory provisions, the statutory provisions each relate to the same conduct, facts, and circumstances—Defendants' fraudulent scheme. This case is therefore nearly identical to *Weiland,* in which a plaintiff filed a complaint which alleged in one count that defendant's conduct violated plaintiff's Fourth, Fifth, and Eighth Amendment rights. *Id.* at 1325 n. 18. When discussing plaintiff's complaint, the U.S. Court of Appeals for the Eleventh Circuit explained that plaintiff's complaint did not need to contain a separate count for the Fourth Amendment claim, Fifth Amended claim, and Eight Amendment claim, but could assert these claims together because each was based on the same transaction or occurrence. *Id.* The court further explained that Rule 10(b) only requires separate counts when needed to "promote clarity," and separating constitutional claims into multiple counts when they all involved the same transaction or occurrence did not "promote clarity" in that case. *Id.* This makes sense, as separating claims into multiple counts in that case would have simply required plaintiff to repeat the same allegations for each count, and would have required defendant to repeat the same answers for multiple counts. This did not promote clarity, but instead increased the likelihood of pleading errors.

Here, Plaintiff's Complaint aks this Court to hold Defendants' debt nondischargable under a number of statutory provisions. While Plaintiff may be required to prove different elements to prevail under each statutory provision, Plaintiff's claims are all related to the Chans' fraudulent scheme, and therefore to one transaction or occurrence. While Defendants throw their hands up in the air and claim that it is "impossible" for them to answer Plaintiff's Complaint, they fail to detail any specific allegation which causes them difficulty, much less any allegations which are "virtually impossible" for them to respond to. (*See* Mot. at 7.) Plaintiff's Complaint is therefore appropriate under the Federal Rules and, even if it is not, Plaintiff's Motion should be denied.

---

comprising a transaction or occurrence. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000).

III.   Conclusion

This Court should deny Defendants' Motion because the arguments contained therein are not supported by the Federal Rules, applicable case law, or the facts of this case.   Plaintiff's Complaint meets the requirements of Rules 8, 9, and 10, and is therefore proper.   While Defendants may not like the allegation contained in Plaintiff's Complaint, they have not demonstrated that it is impossible for them to respond to Plaintiff's detailed pleadings.   Plaintiff accordingly respectfully requests that this Court deny Defendants' Motion.

Respectfully submitted,

*/s/* Christopher D. Cathey
Christopher D. Cathey (0663255)
Porter, Wright, Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone:   (513) 369-4214
Facsimile:   (513) 421-0991
E-mail:       ccathey@porterwright.com

*Attorney for Plaintiff Baoyang Chen*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Christopher D. Cathey*
Christopher D. Cathey
