UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,   Case No.: 6:18-bk-03297-KSJ
                           Chapter 7
      Debtors.
_____/

BAOYANG CHEN,

    Plaintiff,
vs.                        Adversary Proceeding No.
                           No. 6:18-ap-00098-KSJ
TERRY HONG-YIN CHAN and,
JACQUELYN ANGIULLI CHAN,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

    Terry Hong-Yin Chan ("Mr. Chan") and Jacquelyn Angiulli Chan ("Mrs. Chan")(collectively, the "Chans" or "Debtors"), by and through their undersigned counsel, hereby answer the Amended Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 (Doc. 22) (the "Complaint"), and state their Affirmative Defenses as follows:

PARTIES AND JURISDICTION

    1.    Admitted for jurisdictional purposes only. Otherwise, denied.

    2.    Admitted for jurisdictional purposes only. Otherwise, denied.

    3.    Admitted for jurisdictional purposes only. Otherwise, denied.

    4.    Admitted for jurisdictional purposes only. Otherwise, denied.

PROCEDURAL BACKGROUND

    5.    Admitted.

6. Admitted that the Ohio Action was pending as of the Petition Date. Otherwise, denied.

7. The allegations set forth in the Ohio Action speak for themselves. Otherwise, denied.

### THE EB-5 INVESTMENT PROGRAM

8. Admitted that Plaintiff is a limited partner in GSC Opportunities, LP. Otherwise, denied.

9. Without knowledge and, therefore, denied.

10. Without knowledge and, therefore, denied.

11. Without knowledge and, therefore, denied.

12. Without knowledge and, therefore, denied.

13. Admitted that Plaintiff invested $500,000 in GSC. Otherwise, denied.

### GSC'S STRUCTURE AND PLAINTIFF'S INVESTMENT

14. Admitted.

15. Admitted that GSC OPP initially had two members, Mason Hill, LLC, and GSC EB5 Investor, LLC. Otherwise, denied.

16. Admitted that GSC was marketed to foreign investors that wanted to use the EB-5 visa process. Otherwise, denied.

17. The document attached to Plaintiff's Complaint as Exhibit A speaks for itself. Otherwise, denied.

18. The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      a.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      b.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      c.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      d.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      e.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

      f.      The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

19.    The document attached to the Complaint as Exhibit A speaks for itself. Otherwise, denied.

20.    The document attached to Plaintiff's Complaint as Exhibit B speaks for itself. Otherwise, denied.

21.    The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

      a.      The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

      b.      The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

    c.    The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

    d.    The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

    e.    The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

    f.    The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

22. The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

23. The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

24. The document attached to the Complaint as Exhibit B speaks for itself. Otherwise, denied.

25. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

26. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

27. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

28. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

29. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

30. Denied.

31. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

32. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

33. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

34. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

35. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

36. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

37. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

38. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

39. The document attached to the Exhibit C attached to Plaintiff's Complaint, speaks for itself. Otherwise, denied.

40. Without knowledge and, therefore, denied.

41. The document attached to the Exhibit C attached to Plaintiff's Complaint, speaks for itself. Otherwise, denied.

42. The document attached to Plaintiff's Complaint as Exhibit C speaks for itself. Otherwise, denied.

43. Admitted that Plaintiff signed a Counterpart Signature Page and Attestation. Otherwise, denied.

THE MATERIALS PROVIDED TO PLAINTIFF WERE FALSE

44. Denied.

45. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself. Otherwise, denied.

46. Denied.

47. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself. Otherwise, denied.

48. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself. Otherwise, denied.

49. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself. Otherwise, denied.

50. The document attached to Plaintiff's Complaint as Exhibit D speaks for itself. Otherwise, denied.

51. The document attached to Plaintiff's Complaint as Exhibit E speaks for itself. Otherwise, denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## GOLD STAR WITHDRAWS FROM GSC

56. Denied.

57. Admitted that EB-5 investor funds could not be released from escrow and used in the project without I-526 petition approval. Otherwise, denied.

58. The document attached to Plaintiff's Complaint as Exhibit F speaks for itself. Otherwise, denied.

59. The document attached to Plaintiff's Complaint as Exhibit F speaks for itself. Otherwise, denied.

60. The document attached to Plaintiff's Complaint as Exhibit F speaks for itself. Otherwise, denied.

61. Admitted that GSC has not been dissolved. Otherwise, denied.

62. Admitted that Gold Star was informed it could not unilaterally dissolve GSC or GSC OPP. Otherwise, denied.

63. Admitted that Gold Star withdrew from GSC OPP and GSC on or around November 14, 2016. Otherwise, denied.

64. Denied.

65. Without knowledge and, therefore, denied.

66. Admitted that GSC's funds were transferred to a GSC account at First Financial bank on August 8, 2016. Otherwise, denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

GSC CHANGES ITS FOCUS, THE CHANS LIE AGAIN,
AND PLAINTIFF ATTEMPTS TO WITHDRAW FROM GSC

80. Admitted that Pan-Pacific sent an email to Mr. Chan on March 10, 2016. Otherwise, denied.

81. Admitted that Pan-Pacific followed up with another email on March 29, 2016. Otherwise, denied.

82. Admitted that Mr. Chan replied to Pan-Pacific's March 29, 2016, email. Otherwise, denied.

83. The document attached to Plaintiff's Complaint as Exhibit G speaks for itself. Otherwise, denied.

84. Admitted that Gold Star had opened multiple restaurants for GSC prior to the letter being sent. Otherwise, denied.

85. Denied.

86. Admitted that the April 13, 2016, letter sent by GSC OPP presented two options. Otherwise, denied.

87. The document attached as Exhibit G speaks for itself. Otherwise denied.

88. Admitted that a letter was sent to Pan-Pacific on July 27, 2016. Otherwise, denied.

89. Denied.

90. Denied.

91. Admitted that a letter was sent to Pan-Pacific on July 27, 2016. Otherwise, denied.

92. Denied.

93. Admitted that Clearwater sent a letter to the Chans and Gary Chan. Otherwise, denied.

94. The contents of the letter speak for themselves. Otherwise, denied.

95. The contents of the letter speak for themselves. Otherwise, denied.

96. Denied.

97. Without knowledge and, therefore, denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## THE CHANS HAVE CONTINUED THEIR FRAUDULENT SCHEME AND VIOLATED A TEMPORARY RERSTRAINING ORDER ISSUED IN THE OHIO ACTION

103. Denied that the Chans were involved in wrongful conduct before or after the filing of the Ohio Action.

104. Admitted that Plaintiff moved for a temporary restraining order in the Ohio Action. Otherwise, denied.

105. The District Court's Order speaks for itself. Otherwise, denied.

106. Admitted that the TRO was extended. Otherwise, denied.

107. Without knowledge and, therefore, denied.

108. Admitted that Plaintiff's April 2, 2018 motion in the Ohio Case was granted. Otherwise denied.

109. Denied.

110. Denied.

### COUNT I - THE DEBT OWED TO PLAINTIFF IS NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)(A)

111. The Chans reference and reallege their responses to paragraphs 1 through 110 as if fully set forth herein.

112. 11 U.S.C. § 523(a)(2)(A) speaks for itself. Otherwise, denied.

113. Denied to the extent this allegation implies strict liability for providing incorrect information under the law and denied that the Debtors intentionally provided incorrect information to Plaintiff at any time.

114. Denied.

115. Denied.

116. Denied.

117. Admitted that the April 13, 2016 letter was sent. Otherwise, denied.

118. Admitted.

119. Admitted that the April 13, 2016 letter was sent. Otherwise, denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Without knowledge and, therefore, denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied that the Chans induced Plaintiff to rely on anything. Denied that Plaintiff did reasonably rely on the representations made by the Chans. Otherwise, without knowledge and, therefore, denied.

129. Denied.

130. 11 U.S.C. § 523(a)(2)(A) speaks for itself. Otherwise, denied.

131. Without knowledge and, therefore, denied.

132. 11 U.S.C. § 523(a)(2)(A) speaks for itself. Otherwise, denied.

<u>COUNT II – THE DEBT OWED TO PLAINTIFF IS
NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)(B)</u>

133. The Chans reference and reallege their responses to paragraphs 1 through 110 as if fully set forth herein.

134. 11 U.S.C. § 523(a)(2)(B) speaks for itself. Otherwise, denied.

135. Denied to the extent this allegation implies strict liability under the law for providing incorrect information and denied that the Debtors intentionally provided incorrect information to Plaintiff at any time.

136. Denied.

137. Denied.

138. Denied.

139. Admitted that the April 13, 2016 letter was sent. Otherwise, denied.

140. Admitted.

141. Admitted that the July 27, 2016 letter was sent. Otherwise, denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Without knowledge and, therefore, denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied that the Chans induced Plaintiff to rely on anything. Denied that Plaintiff did reasonably rely on the representations made by the Chans. Otherwise, without knowledge and, therefore, denied.

151. Denied.

152. 11 U.S.C. § 523(a)(2)(B) speaks for itself. Otherwise, denied.

153. Without knowledge and, therefore, denied.

154. 11 U.S.C. § 523(a)(2)(B) speaks for itself. Otherwise, denied.

COUNT III – THE DEBT OWED TO PLAINTIFF IS
NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(4)

155. The Chans reference and reallege their responses to paragraphs 1 through 110 as if fully set forth herein.

156. 11 U.S.C. § 523(a)(4) speaks for itself. Otherwise, denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied to the extent this allegation implies strict liability under the law for providing incorrect information and denied that the Debtors intentionally provided incorrect information to Plaintiff at any time.

164. Denied.

165. Denied.

166. Denied

167. Admitted that the April 13, 2016 letter was sent. Otherwise, denied.

168. Admitted.

169. Admitted that the July 27, 2016 letter was sent. Otherwise, denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Without knowledge and, therefore, denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied that the Chans induced Plaintiff to rely on anything. Denied that Plaintiff did reasonably rely on the representations made by the Chans. Otherwise, without knowledge and, therefore, denied.

179. Denied.

180. Without knowledge and, therefore, denied.

181. 11 U.S.C. § 523(a)(4) speaks for itself. Otherwise, denied.

COUNT IV – THE DEBT OWED TO PLAINTIFF IS
NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)

182. The Chans reference and reallege their responses to paragraphs 1 through 110 as if fully set forth herein.

183. 11 U.S.C. § 523(a)(6) speaks for itself. Otherwise, denied.

184. Denied.

185. Denied.

186. Without knowledge and, therefore, denied.

187. 11 U.S.C. § 523(a)(6) speaks for itself. Otherwise, denied.

**GENERAL DENIAL**

Any individual paragraph that was not specifically admitted above is hereby denied.

**AFFIRMATIVE DEFENSES**

Without regard to which party bears the burden of proof and without waiving its right to require Plaintiff to prove each and every element of each claim asserted in the Complaint, the Chans assert the following affirmative defenses to the claims set forth in Plaintiff's Complaint. The Chans further reserve the right to assert further affirmative defenses and otherwise amend the affirmative defenses asserted herein.

### First Affirmative Defense
### (Failure to State a Cause of Action)

As the Chan's first affirmative defense, they assert that Plaintiff's Complaint fails to state a cause of action. The claims in Counts I-IV fail to state a claim upon which relief may be granted. Specifically, the content and substance of the statements and representations alleged fail to support the claims of Plaintiff and fail to establish that the Chans made any material misrepresentation to Plaintiff, intentionally, willfully, or maliciously injured Plaintiff, or otherwise committed any fraud.

### Second Affirmative Defense
### (Lack of Fraud)

As the Chan's second affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Specifically, the Chans did not undertake or engage in actual fraud or transmit fraudulent information to the Plaintiff. As such, the Plaintiff could not rely on materially false information to make an investment as alleged in the Complaint and Count I should therefore be dismissed.

### Third Affirmative Defense
### (Lack of False Representations and False Pretenses)

As the Chan's third affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Specifically, the Chans did not make, and Plaintiff did not rely on false pretenses or false statements to make the investment alleged in the Complaint and Count I should therefore be dismissed.

### Fourth Affirmative Defense
**(Lack of Materially False Information)**

As the Chan's fourth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Specifically, the Chans assert that they did not transmit anything materially false writing regarding the financial condition of Debtors or an insider to Plaintiff. Absent the transmission of a materially false writing, there can be no finding that the debts contained in the instant matter are non-dischargeable.

### Fifth Affirmative Defense
**(Lack of Reliance)**

As the Chan's fifth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Specifically, Plaintiff did not reasonably rely on the information transmitted by the Debtors to Plaintiff. Accordingly, Count II fails and judgment should be entered in favor of the Chans.

### Sixth Affirmative Defense
**(Lack of Intent to Deceive)**

As the Chan's sixth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Specifically, the Chans assert that even if they provided information to Plaintiff which was incorrect respecting the financial condition of the of Debtors or an insider, which they certainly did not, there was no intent to deceive Plaintiff with such information. Accordingly, because there was no intent to deceive, Count II fails and judgment should be entered in favor of the Chans.

### Seventh Affirmative Defense
**(Lack of Fraud or Defalcation)**

As the Chan's seventh affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(4). Specifically, as stated above, the Chans did not make false statements, transmit false representations, or otherwise engage in fraud that would satisfy the standard of fraud or defalcation required under the referenced statute. Accordingly, Count III fails and judgment should be entered in favor of the Chans.

### Eighth Affirmative Defense
**(Lack of Embezzlement)**

As the Chan's eighth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(4). The Chans did not embezzle the Plaintiff's funds as a matter of law in connection with the Chan's participation in the subject investment and immigration strategy. Accordingly, Count III fails and judgment should be entered in favor of the Chans.

### Ninth Affirmative Defense
**(Lack of Larceny)**

As the Chan's ninth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(4). The Chans did not commit larceny as a matter of law in connection with the Chan's participation in the subject investment and immigration strategy. Accordingly, Count III fails and judgment should be entered in favor of the Chans.

### Tenth Affirmative Defense
### (Lack of Fiduciary Capacity)

As the Chan's tenth affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(4). The Chans did not stand in a fiduciary capacity in regard to the Plaintiff. Absent the Chans standing in a fiduciary capacity in regard to the Plaintiff, there can be no finding that the debts contained in this matter are non-dischargeable.

### Eleventh Affirmative Defense
### (Lack of Willful or Malicious Injury)

As the Chan's eleventh affirmative defense, they assert that the alleged but unestablished debts referenced in this matter cannot be found to be non-dischargeable under 11 U.S.C. § 523(a)(6). The Chans did not willfully or maliciously cause an injury to the Plaintiff no does any evidence exist tending to prove willful or malicious intent. Accordingly, Count IV fails and judgment should be entered in favor of the Chans.

### Twelfth Affirmative Defense

As the Chan's twelfth affirmative defense, they assert that Plaintiff's causes of action are barred by the doctrine of waiver. Specifically, Plaintiff's by his own conduct waived the ability to claim the alleged but unestablished debts referenced in this matter are non-dischargeable.

### Thirteenth Affirmative Defense

As the Chan's thirteenth affirmative defense, they assert that Plaintiff's causes of action are barred by the doctrine of estoppel. Specifically, Plaintiff's by his own conduct he should be estopped from now claiming that the alleged but unestablished debts referenced in this matter are non-dischargeable.

### Fourteenth Affirmative Defense

As the Chan's fourteenth affirmative defense, they assert that Plaintiff's causes of action are barred by the applicable statute of limitations.

### Fifteenth Affirmative Defense

As the Chan's fifteenth affirmative defense, they assert that Plaintiff's causes of action are barred by the doctrine of unclean hands.

### Sixteenth Affirmative Defense

As the Chan's sixteenth affirmative defense, they assert that Plaintiff's causes of action sounding in fraud are barred for failure to plead the allegations with the requisite particularity.

### Seventeenth Affirmative Defense

As the Chan's seventeenth affirmative defense, they assert that Plaintiff's causes of action are barred by the Business Judgment Rule.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, grant Defendants their discharge, and grant any such further relief that the Court deems proper and just.

Dated this 15th day of February 2019.

Respectfully submitted,

/s/ *John J. Bennett*
Michael A. Nardella, Esq.
Florida Bar No. 51265
John J. Bennett, Esq.
Florida Bar No. 98257
NARDELLA & NARDELLA, PLLC
250 E. Colonial Drive, Suite 102
Orlando, FL  32801
(407) 966-2676
mnardella@nardellalaw.com
jbennett@nardellalaw.com
service@nardellalaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically using the Court's CM/ECF system on February 15, 2019 to all creditors and parties in interest participating in CM/ECF in this instant case.

/s/ *John J. Bennett*
John J. Bennett, Esq.